IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

PIERRE ARNOLD COBY,

    Plaintiff,

v.

MJM RESTAURANT, INC.
a Florida profit corporation,
D/B/A BAGEL TREE RESTAURANT & BAKERY, and
JUAN L. DE LA TORRE, an individual.

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff ARNOLD COBY ("Plaintiff or "Coby"), by and through his undersigned counsel, hereby files this lawsuit against Defendants, MJM RESTAURANT, INC., a Florida profit corporation, d/b/a Bagel Tree Restaurant & Bakery, and JUAN L. DE LA TORRE, individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant MJM RESTAURANT, INC., has a principal address located at 6580 West Atlantic Avenue, Delray Beach, Florida.

6. Defendant DE LA TORRE is believed to be a resident of Palm Beach County, Florida.

7. This cause of action arose in Palm Beach County, Florida.

8. Palm Beach County, Florida is proper venue for this action because Plaintiffs and at all times material hereto, were employed by and had dealings with Defendant in Palm Beach County, Florida.

9. Defendants failed to pay Plaintiff the mandatory overtime wages as required under federal law.

10. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendants, at all times material hereto, were enterprises engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

12. Individual Defendant JUAN L. DE LA TORRE, is an employer in that he was acting directly or indirectly in the interest of the corporate defendant and otherwise exercised operational control over the company and/or Plaintiff's work. DE LA TORRE was involved in the payment of wages to Plaintiff including his overtime status.

13. The Defendants are joint employers as that term is defined under the FLSA.

14. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COMMON ALLEGATIONS

15. Plaintiff was employed with Defendants from on or about July 30, 2017 up to an including his separation on October 14, 2020.

16. Plaintiff held the position of Cook and was responsible for handling the kitchen prep work and cooking.

17. During Plaintiff's employment with Defendants, he was compensated at a rate of $18.00 per hour, with an overtime rate of $27.00.

18. Plaintiff, DE LA TORRE, dominated and controlled Plaintiff's hours and Plaintiff's compensation.

19. During his employment, Plaintiff worked 91 hours per week, but was not compensated at the rate of $27.00/hour for his time over 40 hours.

20. As such, Plaintiff is owed as follows: 51 hours of overtime for 156 weeks = 7,956 hours X $9.00/hour = $71,604.00.

21. Defendants failed to pay Plaintiff overtime as required under federal law.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## (MJM RESTAURANT, INC.,
## d/b/a BAGEL TREE RESTAURANT & BAKERY)

22. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

23. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

24. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendants.

25. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

26. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

27. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

30. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

//

//

//

**COUNT II**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(JUAN L. DE LA TORRE, an individual)**

31. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

32. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

33. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

34. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

35. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

36. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

37. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

38. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

39. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 18th day of November 2020.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Pamela N. Jorgensen
> Pamela N. Jorgensen Esq.
> Florida Bar Number 1008151
> Primary e-mail: PJorgensen@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com