IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82109-Civ-Middlebrooks/Brannon

PIERRE ARNOLD COBY and
SEBASTIEN JESSE,

    Plaintiffs,

v.

MJM RESTAURANT, INC.
a Florida profit corporation,
D/B/A BAGEL TREE RESTAURANT & BAKERY, and
JUAN L. DE LA TORRE, an individual.

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiffs ARNOLD COBY and SEBASTIEN JESSE, by and through their undersigned counsel, hereby file this First Amended Complaint against Defendants, MJM RESTAURANT, INC., a Florida profit corporation, d/b/a Bagel Tree Restaurant & Bakery, and JUAN L. DE LA TORRE, individually, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff ARNOLD COBY is a resident of Palm Beach County, Florida.

5. Plaintiff SEBASTIEN JESSE is a resident of Palm Beach County, Florida.

6. Defendant MJM RESTAURANT, INC., has a principal address located at 6580 West Atlantic Avenue, Delray Beach, Florida.

7. Defendant DE LA TORRE is believed to be a resident of Palm Beach County, Florida.

8. This cause of action arose in Palm Beach County, Florida.

9. Palm Beach County, Florida is proper venue for this action because Plaintiffs at all times material hereto, were employed by and had dealings with Defendant in Palm Beach County, Florida.

10. Defendants failed to pay Plaintiffs the mandatory overtime wages as required under federal law.

11. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

12. Defendants, at all times material hereto, were enterprises engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

13. Individual Defendant JUAN L. DE LA TORRE, is an employer in that he was acting directly or indirectly in the interest of the corporate defendant and otherwise exercised operational control over the company and/or Plaintiffs' work. DE LA TORRE was involved in the payment of wages to Plaintiffs including their overtime status.

14. The Defendants are joint employers as that term is defined under the FLSA.

15. Plaintiffs' job duties were such that they themselves were individually engaged in commerce.

## PIERRE ARNOLD COBY

16. Plaintiff COBY was employed with Defendants from on or about July 30, 2017 up to an including his separation on October 14, 2020.

17. Plaintiff COBY held the position of Cook and was responsible for handling the kitchen prep work and cooking.

18. During Plaintiff COBY's employment with Defendants, he was compensated at a rate of $18.00 per hour, with an overtime rate of $27.00.

19. Defendant, DE LA TORRE, dominated and controlled Plaintiff's hours and Plaintiff's compensation.

20. During his employment, Plaintiff COBY worked 98 hours per week, but was not compensated at the rate of $27.00/hour for his time over 40 hours.

21. As such, Plaintiff COBY is owed as follows: 58 hours of overtime for 156 weeks = 9,048 hours X $9.00/hour = $81,432.00.

22. Defendants failed to pay Plaintiff COBY overtime as required under federal law.

## SEBASTIEN JESSE

23. Plaintiff JESSE was employed with Defendants from in or about July 2017 up to an including his separation in or about November 2018.

24. Plaintiff JESSE held the position of Cook and was responsible for handling the kitchen prep work and cooking.

25. During Plaintiff JESSE's employment with Defendants, he was compensated at a rate of $15.00 per hour, with an overtime rate of $22.50.

26. Defendant, DE LA TORRE, dominated and controlled Plaintiff's hours and Plaintiff's compensation.

27. During his employment, Plaintiff JESSE worked 63 hours per week, but was not compensated at the rate of $22.50/hour for his time over 40 hours.

28. As such, Plaintiff JESSE is owed as follows: 23 hours of overtime for 78 weeks = 1,794 hours X $7.50/hour = $13,455.00.

29. Defendants failed to pay Plaintiff JESSE overtime as required under federal law.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(MJM RESTAURANT, INC.,**
**d/b/a BAGEL TREE RESTAURANT & BAKERY)**
**As to Both Plaintiffs**

30. Plaintiffs incorporate by reference all allegations of this First Amended Complaint as if set forth fully herein.

31. Plaintiffs were covered, non-exempt employees and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

32. Plaintiffs worked in excess of forty (40) hours per week while employed with the Defendants.

33. Defendant failed to compensate Plaintiffs up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

34. The Defendant's failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

35. Defendant's failure to pay Plaintiffs overtime was the result of intentional, willful misconduct, such that Plaintiffs are entitled to overtime payments for the entire preceding period.

36. As a direct and proximate result of the Defendant's actions, Plaintiffs have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

37. As a direct and proximate result of the Defendant's actions, Plaintiffs have suffered damages.

38. As a result of Defendant's conduct, Plaintiffs are entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against the Defendants as follows: The Plaintiffs shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiffs shall be awarded other and further relief as the Court deems just and proper.

**COUNT II**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(JUAN L. DE LA TORRE, an individual)**
**As to Both Plaintiffs**

39. Plaintiffs incorporate by reference all allegations of this Complaint as if set forth fully herein.

40. Plaintiffs were covered, non-exempt employees and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

41. Plaintiffs worked in excess of forty (40) hours per week while employed with the Defendant.

42. Defendant failed to compensate Plaintiffs up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

43. The Defendant's failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

44. Defendant's failure to pay Plaintiffs overtime was the result of intentional, willful misconduct, such that Plaintiffs are entitled to overtime payments for the entire preceding period.

45. As a direct and proximate result of the Defendant's actions, Plaintiffs have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

46. As a direct and proximate result of the Defendant's actions, Plaintiffs have suffered damages.

47. As a result of Defendant's conduct, Plaintiffs are entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiffs prays that judgment be entered in their favor and against the Defendants as follows: The Plaintiffs shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiffs shall be awarded other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury on all issues so triable.

Dated this 26th day of January 2021.

SCOTT WAGNER & ASSOCIATES, P.A.

Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Pamela N. Jorgensen
Pamela N. Jorgensen Esq.
Florida Bar Number 1008151
Primary e-mail: PJorgensen@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com