**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| PIERRE ARNOLD COBY and SEBASTIEN JESSE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MJM RESTAURANT, INC. a Florida Profit Corporation, D/B/A BAGEL TREE RESTAURANT & BAKERY, and JUAN L. DE LA TORRE, an individual, )<br>)<br>)<br>)<br>)<br>Defendant. | Case No. 9:20-cv-82109-DMM-DLB |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, MJM RESTAURANT, INC., and JUAN L. DE LA TORRE, ("Defendants") through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answer Plaintiffs' Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. Defendants admit this action is brought forth for controversy concerning unpaid overtime payments, but deny Plaintiffs are entitled to any of the requested relief. Defendants deny all further allegations in Paragraph 1 of the Complaint.

2. Defendants admit this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA"), but deny Plaintiffs are entitled to any of the requested relief. Defendants deny all further allegations in Paragraph 2 of the Complaint.

3. Defendants admit, for jurisdictional purposes only, this case is before the proper Court.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the allegations in Paragraph 4 of the Complaint.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit, for venue purposes only, this case is before the proper Court. Defendants deny all further allegations in Paragraph 8 of the Complaint.

9. Defendants admit, for venue purposes only, this case is before the proper Court.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit that at some point they have had annual sales volume over the statutory minimum for purposes of FLSA coverage only. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that Defendants are an "enterprise engaged in interstate commerce" for purposes of coverage under the FLSA. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint for purposes of coverage under the FLSA.

14. Defendants admit the allegations in Paragraph 14 of the Complaint purposes of coverage under the FLSA.

15. Defendants admit the allegations in Paragraph 15 of the Complaint for purposes of coverage under the FLSA.

## ALLEGATIONS REGARDING ARNOLD COBY

16. Defendants admit that Plaintiff Coby began working in July 2017 and his last day was October 14, 2020. However, due to a significant reduction in business resulting from covid-19, Plaintiff Coby did not work for approximately three months before his last day. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff Coby was a cook, and his general responsibilities included kitchen prep work and cooking. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

## ALLEGATIONS REGARDING SEBASTIEN JESSE

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff Jesse was a cook, and his general responsibilities included kitchen prep work and cooking. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

## COUNT I
## ALLEGED UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## (MJM RESTAURANT, INC.,
## d/b/a BAGEL TREE RESTAURANT & BAKERY)

30. Defendants re-adopt and reassert it responses to all previous allegations of this Complaint as if set forth fully herein.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

Defendants deny all allegations and/or entitlement to relief set forth in the unnumbered WHEREFORE Paragraph following Paragraph 38 of the Complaint.

## COUNT II
## ALLEGED UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## (JUAN L. DE LA TORRE, an individual)

39. Defendants re-adopt and reassert it responses to all previous allegations of this Complaint as if set forth fully herein.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

Defendants deny all allegations and/or entitlement to relief set forth in the unnumbered WHEREFORE Paragraph following Paragraph 47 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiffs will present any issue for a jury to try.

## GENERAL DENIAL

Any and all allegations not expressly admitted are denied.

## FIRST DEFENSE

Plaintiffs' claims are barred because Plaintiffs were paid all wages due.

## SECOND DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiffs were allegedly not compensated involve only insubstantial and insignificant periods of time, or are *de minimis*, and are not compensable under the FLSA or any other applicable law or regulation.

## THIRD DEFENSE

To the extent Plaintiffs are entitled to damages, Defendants are entitled to a credit or set off for all payments made to Plaintiffs in any form during the course of their employment.

## FOURTH DEFENSE

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed were spent engaged in activities which were not hours worked under the FLSA and other

applicable laws and were not an integral and indispensable part of their principal activities.

### FIFTH DEFENSE

Plaintiffs' Complaint is barred in whole or in part because, based on the hours worked, Plaintiffs are not entitled to overtime compensation under the FLSA.

### SIXTH DEFENSE

Plaintiffs' claims for liquidated damages are barred to the extent Defendants acted in good faith and had reasonable grounds for believing its actions were not in violation of the FLSA.

### SEVENTH DEFENSE

Plaintiffs cannot establish that any acts or omissions of Defendants were in willful violation of the FLSA. Accordingly, a two-year statute of limitation applies.

### EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek damages beyond the applicable statute of limitations period, which under the FLSA is two years, and at most, three years for a willful violation for any wage or overtime claims.

### NINTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek compensation for activities that are non-compensable under the Portal-to-Portal Act, including 29 U.S.C. §254(a).

### TENTH DEFENSE

Without forgoing any of the defenses herein, and without admitting any liability on behalf of Defendants, to the extent Plaintiffs are entitled to any overtime damages, such overtime is calculated at one half of Plaintiffs' regular rate of pay because Plaintiffs were compensated for all hours worked.

## ELEVENTH DEFENSE

Because Plaintiffs' Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 3rd day of February, 2021.

          Respectfully submitted,

          SPIRE LAW, LLC
          2572 W. State Road 426, Suite 2088
          Oviedo, Florida 32765

          By: /s/Heather M. Meglino, Esq.
              Heather M. Meglino, Esq.
              Florida Bar No. 091857
              heather@spirelawfirm.com
              lauren@spirelawfirm.com

          Attorney for Defendants | MJM RESTAURANT, INC. and JUAN L. DE LA TORRE

## CERTIFICATE OF SERVICE

I hereby Certify that on this 3rd day of February, 2021, the foregoing was electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Pamela N. Jorgensen, Esquire at pjorgensen@scottwagnerlaw.com; mail@scottwagnerlaw.com at SCOTT, WAGNER & ASSOCIATES, P.A.; Jupiter Gardens, 250 South Central Boulevard, Suite 104-A, Jupiter, FL 33458.

          */s/ Heather M. Meglino*
          Attorney