UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PIERRE ARNOLD COBY and SEBASTIEN JESSE, <br><br> Plaintiffs, <br><br> v. <br><br> MJM RESTAURANT, INC. a Florida Profit Corporation, D/B/A BAGEL TREE RESTAURANT & BAKERY, and JUAN L. DE LA TORRE, an individual, <br><br> Defendant. | Case No. 9:20-cv-82109-DMM-DLB |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement") is entered into by and between PIERRE ARNOLD COBY and SEBASTIEN JESSE ("Plaintiffs") and MJM RESTAURANT, INC. and JUAN L. DE LA TORRRE ("Defendants"), collectively (the "Parties").

WHEREAS, Plaintiffs were employees of the Defendants;

WHEREAS, Plaintiffs filed a civil action against Defendants in the District Court of Florida, seeking redress for alleged violations of the Fair Standards Labor Act ("FLSA"), Case Number 9:20-cv-82109-DMM-DLB; and

WHEREAS, Defendants deny all allegations in the Lawsuit and any liability and/or any other wrongdoing in respect to Plaintiffs;

WHEREAS, Plaintiffs and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is resolved as follows:

1. <u>RECITALS</u>: The foregoing recitals are true and correct and are incorporated below as if fully set forth therein.

2. <u>RELEASE OF FLSA AND WAGE CLAIMS</u>: In exchange for the consideration set forth in Paragraph 3 below, Plaintiffs waive and release Defendants (as well as the unnamed owners of the corporate Defendant, Manuel Torres Segundo and Miguel Angel Jimenez Hermosilla) from any and all claims arising out of or related to the payment of wages during Plaintiffs' employment with Defendants including, but not limited to, any claims Plaintiffs may have under the FLSA (and its implementing regulations) and any other applicable state or local law that relates to the payment of wages.

3. <u>SETTLEMENT SUMMARY</u>: In exchange for and in consideration of the Releases and promises of Plaintiffs in this Agreement, Defendants agrees to pay a total sum of FIFTY-TWO THOUSAND and 00/100 dollars ($52,000.00). The payments will be tendered as follows:

   a. Payments to Pierre Arnold Coby in the gross amount totaling Eleven Thousand Two Hundred Ninety-Seven and no/100 Dollars ($11,297.00), as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiffs for this amount. Plaintiffs must provide a fully completed and executed IRS Form W-4 to counsel for Defendants along with the executed Agreement; and

  b. Payments to Pierre Arnold Coby in the gross and net amount of Eleven Thousand Two Hundred Ninety-Seven and no/100 Dollars $11,297.00, as liquidated damages. This amount shall be reported on an IRS 1099-MISC Box 3 Other Inform Form. The 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement; and

  c. Payments to Sebastien Jesse in the gross amount totaling Nine Thousand Three Hundred Dollars ($9,300.00), as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendants along with the executed Agreement; and

  d. Payments to Sebastien Jesse in the gross and net amount of Nine Thousand Three Hundred Dollars $9,300.00, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement; and

  e. Payments to Scott Wagner & Associates, P.A. in the amount of Ten Thousand Eight Hundred Six Dollars ($10,806.00), representing attorneys' fees and costs for which separate IRS Forms 1099 shall issue to Scott Wagner & Associates, P.A.. Counsel must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement.

***Plaintiffs are aware of and agrees with, the number of attorneys' fees and costs to be paid to Plaintiffs' counsel for representing their interests in this matter.***

  4. <u>DELIVERY OF SETTLEMENT SUM.</u> The settlement will be delivered to Plaintiffs' counsel's as follows:

- One initial payment of $20,000.00, split in thirds amongst attorney's fees, liquidated damages for Pierre Coby, and liquidated damages for Sebastien Jesse to be delivered to Plaintiffs' counsel thirty (30) business days after all of the following events occur: (1) the Court's approval of this Agreement; (2) dismissal with prejudice of Plaintiffs' claims in the Lawsuit; and (3) Plaintiffs' delivery of IRS forms W-4 and W-9 to Defendant's counsel.

- The remaining balance of $32,000.00 will be paid at $2,000 per month until remaining balances of the above allocations set forth in Section 3 are satisfied in full. Monthly payments shall be made on the last day of each month beginning the month following the initial payment of $20,000.00. A spreadsheet is attached hereto as Exhibit A outlining the payments.

- If Plaintiffs allege that Defendants are deficient with any of the above stated payments then Plaintiffs' counsel shall notify Defendants' counsel, Jesse Unruh, Esq. and Whitney DuPree, Esq. of Spire Law, LLC via email at jesse@spirelawfirm.com, whitney@spirelawfirm.com of the alleged deficiency. Defendants shall thereafter have a safe harbor period of fourteen (14) days in which to cure any deficient payments following the notice to Defendants' counsel. If payment is not received within fourteen (14) days after such notice is sent, the full outstanding balance shall become due and owing immediately, along with damages in the amount of an additional $52,000.00 and statutory interest at the maximum rate allowable under the law.

5. <u>BASIS OF PAYMENT.</u> Plaintiffs understand and acknowledge that the payments specified in this section were issued based on Plaintiffs' agreement to execute this Agreement, including the Mutual Release of wage claims contained herein, and Plaintiffs' fulfillment of the promises contained herein.

6. <u>TAXABILITY.</u> Defendants makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiffs agree to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs under the terms of this Agreement.

7. <u>NO ADMISSION.</u> Neither this Agreement nor the furnishing of the considerations for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Party of any liability, unlawful conduct of any kind or violation by the Released Party of the FLSA and any and all other applicable state, federal, county, or local ordinances, statutes or regulations.

8. <u>OPPORTUNITY TO REVIEW.</u> Plaintiffs acknowledge that Plaintiffs are aware that Plaintiffs are giving up all wage claims and related claims Plaintiffs may have against the Released Party. Plaintiffs acknowledge that Plaintiffs have consulted with an attorney and have had the opportunity to seek legal advice before executing this Agreement. Plaintiffs sign this Agreement voluntarily. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel where applicable. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

9. <u>SEVERABILITY.</u> Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect except for sections 2 and 3, *supra*.

10. <u>VENUE AND GOVERNING LAW.</u> This Agreement shall be governed by the laws of the United States of America without regard to its conflict of laws provision. In the event of any action arising hereunder, venue shall be proper in the District Court of Florida.

11. <u>ENTIRE AGREEMENT.</u> This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of the Plaintiffs' FLSA claims asserted in this case. Plaintiffs acknowledge that Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with the decision to sign this Agreement, except those set forth in this Agreement.

12. <u>NEUTRAL REFERENCE</u>:  Employer shall only provide a neutral reference upon any inquiry regarding Sebastian Jesse or Arnold Coby which shall only include their dates of employment and position(s) held.

13. <u>EXECUTION IN COUNTERPARTS.</u> This Agreement may be executed in any number of counterparts, each of which shall be considered an original. All the counterparts together shall constitute one and the same instrument.

14. <u>GOVERNING LAW.</u> This Agreement shall be construed in accordance with Florida law. Any suit to enforce this Agreement, to interpret the terms of this Agreement, or arising out of or related to this Agreement shall be brought in, and only in the United States District Court for the Southern District of Florida.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE EITHER BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT OR HAVE BEEN PROVIDED THE OPPORTUNITY TO SECURE

COUNSEL TO ADVISE ON THIS AGREEMENT. THIS PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[SIGNATURES ON FOLLOWING PAGE]

Dated: _____Apr 21, 2021_____                    MJM RESTAURANT, INC

Sign: _____
Manuel Torres (Apr 21, 2021 17:34 EDT)

Name: Manuel Torres Segundo

Title: Owner

_____
Juan De La Torre (Apr 21, 2021 17:32 EDT)
JUAN L. DE LA TORRE                                Date

_____                             Apr 21, 2021
Jesse I. Unruh (Apr 21, 2021 17:26 EDT)
JESSE I, UNRUH, Counsel for Defendants             Date

_____                             Apr 21, 2021
Pierre A. Coby (Apr 21, 2021 17:40 EDT)
PIERRE ARNOLD COBY                                 Date

_____                             Apr 21, 2021
sebastien jesse (Apr 21, 2021 17:48 EDT)
SEBASTIEN JESSE                                    Date

_____                             Apr 21, 2021
Pamela Jorgensen (Apr 21, 2021 17:38 EDT)
PAMELA N. JORGENSEN, Counsel for Plaintiffs        Date